**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 21-cv-01748-RM-MEH

JASON D. YEAGER,

Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

Defendant.

---

**ORDER**

---

This insurance lawsuit is before the Court on Plaintiff's Motion for Summary Judgment (ECF No. 26), seeking judgment on his statutory claim for unreasonable delay of benefits; Defendant's Motion for Summary Judgment (ECF No. 30), seeking dismissal of Plaintiff's claims with prejudice; and Plaintiff's Motion to Strike (ECF No. 36), seeking an order striking the affidavit of Raul Sanchez, the primary adjuster assigned to Plaintiff's claim. The Motions have been fully briefed and are denied for the reasons below.

## I. BACKGROUND

In November 2019, Plaintiff was injured in a car accident caused by an uninsured motorist. (ECF No. 37, ¶¶ 1-4.) In May 2020, Defendant, Plaintiff's insurer, paid uninsured motorist ("UM") benefits totaling $23,778.37 on Plaintiff's policy, which had a limit of $100,000. (*Id.* at ¶¶ 5, 12.) In July 2020, Plaintiff underwent cervical spine surgery. (*Id.* at ¶ 6.) After Plaintiff submitted additional medical records and bills in September 2020, Defendant initially denied Plaintiff was due any further UM benefits based on a medical records review by

its retained expert, Dr. Weinstein, who concluded that the accident *did not* precipitate or contribute to the need for the surgery. (*Id.* at ¶¶ 5, 15, 16.)

Plaintiff's treating physician, Dr. Prusmack, reached the opposite conclusion in a June 2020 opinion, stating that the accident *was* the reason Plaintiff would need surgery. (*Id.* at ¶ 17.) In late October 2020, a meeting between Dr. Prusmack and Mr. Sanchez was proposed but did not occur. (*Id.* at ¶ 18.)

Plaintiff filed this lawsuit in November 2020. About six months later, Defendant received from Dr. Weinstein an addendum to his report concluding that Plaintiff's surgery *was* needed because of the accident. (*Id.* at ¶ 22.) Defendant now concedes that the surgery was needed because of the accident and has paid Plaintiff the balance of the policy limit, $76,221.63. (*Id.* at ¶ 23.)

Plaintiff has withdrawn his breach of contract claim against Defendant in this matter but continues to assert claims for unreasonable delay of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116 and common law bad faith.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

**B. Motion to Strike**

"[A] court may be justified in disregarding a contrary affidavit when the court concludes that it constitutes an attempt to create a sham fact issue." *King v. Estate of Gilbreath*, 215 F. Supp. 3d 1149, 1160 (D.N.M. 2016) (quotation omitted). However, "[c]ontradictions in a witness's testimony do not, without more, justify preclusion of that testimony." *Id.*

**III. ANALYSIS**

**A. Plaintiff's Motion for Partial Summary Judgment**

Plaintiff contends he is entitled to summary judgment on his statutory claim for unreasonable delay of insurance benefits because Defendant failed to conduct a reasonable investigation and erroneously relied on Dr. Weinstein's initial report while ignoring the countervailing report by his treating physician, Dr. Prusmack. He also contends Defendant compelled him to institute litigation to recover benefits due under his policy. Defendant

contends that relying on Dr. Weinstein's opinion was not unreasonable under the circumstances. The Court finds that genuine issues of material fact preclude entering summary judgment.

To prevail on his statutory claim at the summary judgment stage, Plaintiff must establish there is no genuine issue that Defendant's delay of payment was without a reasonable basis. *See Am. Family Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1186 (Colo. 2018). The reasonableness of an insurer's conduct is objectively measured based on industry standards. *See Am Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 343 (Colo. 2004). An insurer's decision to deny benefits is evaluated based on the information before it at the time of the decision. *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 847 (Colo. 2018).

On the current record, the Court cannot conclude it was unreasonable as a matter of law for Defendant to deny Plaintiff additional benefits based on Dr. Weinstein's initial report and the other evidence cited by Mr. Sanchez, which tended to indicate a low-impact accident that caused only minor injury and damage. Although Defendant later paid additional benefits after Dr. Weinstein changed his opinion, it does not follow that Defendant never had a reasonable basis for denying parts of Plaintiff's UM claim. Plaintiff calls Dr. Weinstein's report "deeply flawed" (ECF No. 26 at 6) but fails to explain what made it so or why Defendant could not have reasonably relied on it. It is undisputed that before filing this lawsuit, Plaintiff did not have any medical professional review the report, and he has produced no witness stating it was unreasonable to rely on it. (*See* ECF No. 47, ¶ 43.) Plaintiff has not argued, for example, that Dr. Weinstein was unqualified to give a causation opinion in this matter. Nor has he shown or attempted to explain why it was unreasonable for Defendant not to accept the opinion of his treating physician, Dr. Prusmack. To the extent Plaintiff contends Defendant failed to conduct an adequate investigation because Mr. Sanchez did not meet with Dr. Prusmack, the record is

woefully underdeveloped to establish that Defendant acted unreasonably as a matter of law. And the mere fact that Defendant paid additional benefits after Plaintiff filed this lawsuit does not establish, as a matter of law, that it compelled Plaintiff to institute litigation.

Viewing the evidence and the reasonable inferences from it in Defendant's favor, the Court finds a reasonable jury could conclude Defendant had a reasonable basis for delaying payment. Therefore, Plaintiff is not entitled to summary judgment on his statutory claim.

**B. Defendant's Motion for Summary Judgment**

Defendant contends it is entitled to summary judgment because Plaintiff cannot establish that it acted unreasonably in handling Plaintiff's claim, even if every decision it made was not "correct" with the benefit of hindsight. In his Response, Plaintiff argues that Defendant unreasonably delayed obtaining Dr. Weinstein's report and then failed to explore the conflicting causation statements in the record. The Court agrees with Plaintiff that a reasonable jury could conclude Defendant's handling of his claim fell below industry standards.

"What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury." *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 759 (Colo. App. 2012). Although Defendant has adduced evidence that Plaintiff's claim was "fairly debatable," which is a factor in determining whether an insurer acted reasonably, "fair debatability is not a threshold inquiry that is outcome determinative as a matter of law." *Id.* at 759-60 (quotation omitted); *see id.* at 760 ("Even if plaintiff's claim for UIM benefits were 'fairly debatable in the common law context, that would not alone establish that defendant's actions here were reasonable as a matter of law."); *accord Schultz*, 429 P.3d at 848. Further, Defendant has not meaningfully addressed how Mr. Sanchez evaluated the conflicting doctors' opinions or explained why Dr. Weinstein came to the opposite conclusion six months after issuing his initial report. *See Wheatridge Office, LLC v.*

*Auto-Owners Ins. Co.*, 578 F. Supp. 3d 1187, 1206 (D. Colo. 2022) (denying summary judgment where insurer failed to demonstrate that its reliance on its experts met industry standards). Accordingly, the Court finds there are genuine issues of material fact precluding dismissal of Plaintiff's claims.

Defendant also contends Plaintiff has failed to supply proof of industry standards or to identify recoverable damages to support his common law bad faith claim. But expert testimony is not required to demonstrate industry standards. *See Peden v. State Farm Mut. Auto. Ins. Co.*, 841 F.3d 887, 890 (10th Cir. 2016); *see also Allen*, 102 P.3d at 344-45 ("The reasonableness of an insurer's investigation into the underlying events of an automobile insurance claim is not a technical question and does not require additional professional training beyond the knowlege of the average juror."). Plaintiff has identified state law supporting his claims. (*See* ECF No. 39 at 8 (citing Colo. Rev. Stat. § 10-3-1104(1)(h)).) And, under Colorado law, "insureds are entitled to recover damages based on traditional tort principles, which includes damages for emotional distress." *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 416 (Colo. 2004). Accordingly, the Court finds Defendant has not shown it is entitled to summary judgment.

**C. Plaintiff's Motion to Strike**

Plaintiff contends that an affidavit by Mr. Sanchez, Defendant's adjuster, is a sham affidavit and should therefore be stricken. The Court is not persuaded.

In late October 2022, shortly before Plaintiff filed this lawsuit, the parties communicated about a possible meeting that would include Mr. Sanchez, Dr. Weinstein, and Dr. Prusmack—presumably for the purpose of discussing whether Plaintiff's medical issues were caused by the accident. But the meeting never occurred. At his deposition, Mr. Sanchez testified that he did not see how the meeting would have helped because, at that time, based on Dr. Weinstein's

initial report, "it was very clear . . . the surgery was not facilitated by the motor vehicle accident." (ECF No. 36-1, p. 85, ll. 6-12.) In his affidavit, Mr. Sanchez states that he had questions about the proposed meeting but "was willing to consider a meeting with the physicians and needed additional information about how the meeting would be conducted, who would be involved, and what information counsel believed could be obtained." (ECF No. 33-3, ¶ 19.)

Assuming Plaintiff's Motion is not moot in light of the Court's denial of Defendant's Motion for Summary Judgment, the Court discerns no basis for granting it. The Court is not overly concerned about a discussion in the days leading up to when this lawsuit was filed about a potential meeting that never occurred. And the Court finds Mr. Sanchez's affidavit does not materially contradict his deposition testimony. Nor does the Court perceive it as an attempt to create a sham issue of fact.

## IV. CONCLUSION

Accordingly, the Court DENIES each of the pending Motions (ECF Nos. 26, 30, 36).

DATED this 2nd day of December, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge